13 CV 8404

S:\FILES\5357_SITEAM_EXPLORER\LEGAL+DISCOVERY\5357_PETITION.DOC

KENNEDY LILLIS SCHMIDT & ENGLISH
John T. Lillis Jr., Esq.
75 Maiden Lane – Suite 402
New York, N.Y. 10038-4816
Telephone: 212-430-0800
Telecopier: 212-430-0810
Attorneys for Petitioner
ZURICH AMERICAN INSURANCE COMPANY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, as subrogee of Vinmar International, Ltd., and VINMAR INTERNATIONAL, LTD.<br><br>Petitioners,<br><br>- v. -<br><br>TEAM TANKERS A.S., EITZEN CHEMICAL USA, *in persona*, and the M/T SITEAM EXPLORER, her engines, tackle, apparel, etc., *in rem*,<br><br>Respondents. | Civ. ( )<br><br>PETITION TO VACATE OR <u>MODIFY ARBITRATION AWARD</u> |

Petitioners, Zurich American Insurance Company ("Zurich") and Vinmar International, Ltd. ("Vinmar"), by their attorneys, Kennedy Lillis Schmidt & English, allege upon information and belief as follows:

1. This Honorable Court has subject-matter jurisdiction because this is an admiralty and maritime matter within the meaning of 28 U.S.C. §1333 and Rule 9(h) of the Federal Rules of Civil Procedure. Further, this Honorable Court has subject-matter jurisdiction pursuant to Section 10 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §10.

1

2. Petitioner, Zurich American Insurance Company ("ZAIC"), is a New York corporation with an office and place of business at One Liberty Plaza, 165 Broadway, 32nd Floor New York, New York 10006, and was a Claimant in the underlying arbitration.

3. Petitioner, Vinmar International, Ltd. ("Vinmar"), is a Delaware corporation with a principal place of business at 16800 Imperial Valley Dr., Suite 499, Houston, Texas 77060, and was a Claimant in the underlying arbitration.

4. Respondent, Team Tankers A.S. ("Team"), is a corporation or organization duly under and by virtue of the laws of a foreign country and is represented in this matter within this District by attorneys Holland & Knight (lead counsel, Michael J. Frevola, Esq.), which has offices at 31 West 52nd Street, 12th Floor, New York, New York 10019.

5. Respondent, Eitzen Chemical, USA ("Eitzen USA"), is a corporation or organization duly under and by virtue of the laws of one of the states of the United States and is represented in this matter within this District by attorneys Holland & Knight (lead counsel, Michael J. Frevola, Esq.), which has offices at 31 West 52nd Street, 12th Floor, New York, New York 10019.

6. Respondent, M/T SITEAM EXPLORER (the "Vessel"), is the carrying vessel set forth in the charter-party contract detailed in Paragraph 7, *infra*; at all relevant times, the Vessel was and is owned by Eitzen Chemical, Singapore ("Eitzen Singapore").

7. On 10 June 2008, Vinmar and Team entered an Asbatankvoy Charter Party, as modified by a fixture email and Vinmar's 25 April 2000 Charter Party Terms (the "Charter Party").

8. In the Charter Party, Vinmar and Team expressly agreed that the Carriage of Goods by Sea Act, 46 U.S.C. § 30701 ("COGSA"), would govern the parties' respective rights and responsibilities.

9. In the Charter Party, Vinmar and Team agreed all disputes would be resolved by arbitration in New York and that arbitration proceedings would be conducted in accordance with the rules of the Society of Maritime Arbitrators, Inc. ("SMA Rules").

10. This Honorable Court has personal jurisdiction over the Respondents by virtue of the Charter Party and the fact that each participated in arbitration proceedings conducted in the borough of Manhattan in New York, New York.

11. In this District, courts vacate or modify arbitration awards upon a showing of manifest disregard of the law. See, e.g., *Stolt-Nielsen SA v. Animal Feeds Int'l Corp.*, 548 F.3d 85, (2d Cir.2008).

12. Specifically, arbitration award must be vacated or modified where: "(1) the law allegedly ignored was clear and explicitly applicable to the matter before the arbitrator[s]; (2) . . . the law was improperly applied and that application led to an erroneous outcome; and (3) . . . the arbitrator[s] possessed actual knowledge of the law and its applicability to the dispute." *Finkelstein v. UBS Global Asset Mgmt. (US) Inc.*, No. 11 CV 00356 (GBD), 2011 WL 3586437, *5 (S.D.N.Y. Aug. 9, 2011) (Daniels, J.) (citing *Stoltz-Nielsen SA v. Animal Feeds Int'l Corp.*, 548 F.3d 85, 93 (2dCir.2008), rev'd on other grounds, 130S.Ct. 1758(2010)); *T.Co. Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 339-40 (2d Cir. 2010) (stating same elements and holding that "manifest disregard remains a valid ground for vacating arbitration awards" (Citations omitted)).

13. All three requirements are met here: (1) COGSA was clearly and explicitly applicable to the matter before the Majority; (2) the Majority improperly applied COGSA's burdens of proof and its measure of damages, which led to the Majority's erroneous conclusions (e.g. that Petitions failed to prove Team's liability and that they were not entitled to recover their damages); (3) the Majority possessed actual knowledge of COGSA's burdens of proof and its measure of damages because it identified, cited, and purported to apply COGSA in its analysis.

WHEREFORE, Petitioners respectfully requests that this Honorable Court vacate the Award in its entirety or alternatively modify it to conform with COGSA and the record.

Dated: New York, New York
November 25, 2013

KENNEDY LILLIS SCHMIDT & ENGLISH
Attorneys for Petitioners
ZURICH AMERICAN INSURANCE COMPANY
and VINMAR INTERNATIONAL, LTD.

By: _____
John T. Lillis Jr., Esq.
75 Maiden Lane – Suite 402
New York, New York  10038-4816
Telephone: 212-430-0800