Michael J. Frevola
Christopher R. Nolan
F. Robert Denig
HOLLAND & KNIGHT LLP
31 West 52nd St.
New York, NY  10019
Telephone:  (212) 513-3200
Telefax:  (212) 385-9010
michael.frevola@hklaw.com
christopher.nolan@hklaw.com
robert.denig@hklaw.com
ATTORNEYS FOR RESPONDENTS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, as subrogee of Vinmar International Limited, Inc., and VINMAR INTERNATIONAL LIMITED, INC.<br><br>Petitioners,<br><br>v.<br><br>TEAM TANKERS A.S., EITZEN CHEMICAL USA, *in persona,* and the M/V SITEAM EXPLORER, her engines, tackle, apparel, etc., *in rem,*<br><br>Respondents. | Case No. 13-cv-8404 (WHP)<br><br>**ANSWER AND CROSS-PETITION TO CONFIRM ARBITRATION AWARD** |

Respondents, Team Tankers A.S., Eitzen Chemical USA, and the *M/V SITEAM EXPLORER, in rem,* by and through its attorneys, Holland & Knight LLP, hereby file their Answer to the Petition to Vacate or Modify Arbitration Award (the "Petition") and their Cross-Petition to Confirm Arbitration Award, as follows:

## **ANSWER**

1. Admits the allegations contained in the First paragraph of the Petition.

2. Admits the allegations contained in the Second paragraph of the Petition.

3. Admits the allegations contained in the Third paragraph of the Petition.

4. Admits the allegations contained in the Fourth paragraph of the Petition.

5. Admits the allegations contained in the Fifth paragraph of the Petition.

6. Admits the allegations contained in the Sixth paragraph of the Petition.

7. Admits the allegations contained in the Seventh paragraph of the Petition.

8. Admits the allegations contained in the Eighth paragraph of the Petition.

9. Admits the allegations contained in the Ninth paragraph of the Petition.

10. Admits the allegations contained in the Tenth paragraph of the Petition.

11. The allegation contained in the Eleventh paragraph of the Petition constitutes a conclusion of law, to which no response is required. To the extent a response is required, the Respondents admit the allegation.

12. The allegations contained in the Twelfth paragraph of the Petition constitute conclusions of law, to which no response is required. To the extent a response is required, the Respondents deny Petitioners' representation of the governing standard.

13. The allegations contained in the Thirteenth paragraph of the Petition constitute conclusions of law, to which no response is required. To the extent a response is required, the Respondents admit that the arbitration panel majority acknowledged that COGSA governed the parties' dispute, but deny the remainder of Petitioners' allegations.

## CROSS-PETITION TO CONFIRM ARBITRATION AWARD

14. Respondents incorporate by reference all of the provisions of its Answer as if fully stated herein.

15. The underlying dispute in this matter involves Petitioners' claim against Respondents for the contamination of a cargo of approximately 3,500 metric tons of Acrylonitrile carried by the *M/V SITEAM EXPLORER* (the "Vessel") on a voyage from Houston to Ulsan, Korea pursuant to a voyage charter dated June 10, 2008 between respondent Team Tankers A.S. (as owner) and Petitioner Vinmar International Limited, Inc. ("Vinmar") (as charterer/cargo owner) (the "Charter Party"). Attached hereto as Exhibits 1a-1d are copies of the Charter Party, which are certified to be true and accurate copies of the Charter Party containing the arbitration agreement under which the Award was issued. For ease of reading, an on-line version of the ASBATANKVOY Voyage Charter Party Form is included with Exhibit 1(b).

16. The Charter Party contained an arbitration clause which arose out of legal relationship considered to be commercial and covered transactions involving commerce as defined by 9 U.S.C. § 1.

17. Petitioners initiated arbitration pursuant to the Charter Party's arbitration clause and the arbitration panel (the "Panel") was constituted on April 18, 2011.

18. The Panel held ten formal hearings in which it heard evidence from two Vinmar employees, three chemical experts on behalf Petitioners, one chemical expert on behalf of Respondents, and the Vessel's Master. The Panel also received and considered extensive main and reply briefs from the parties.

19. The Panel issued its award on August 26, 2013 (the "Award") in favor of Respondents and denying the Petitioners' claim in its entirety. The Panel also awarded

Respondents' $250,000 in attorneys' fees and directed Petitioners to reimburse Respondents for $21,537.25 for a portion of the arbitrators' fees paid by Respondents. A copy of the Award, which is certified to be a true and correct copy of the original signed final Award, is attached hereto as Exhibit 2.

20. The Award merits confirmation by the Court as it meets the requirements for confirmation pursuant to the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38, Chapter Two of the Federal Arbitration Act, 9 United States Code §§ 201-208.

WHEREFORE, Respondents respectfully requests that this Honorable Court confirm the Award in its entirety.

Dated: December 23, 2013
New York, New York

> HOLLAND & KNIGHT LLP
> *Attorneys for Respondents*
>
> By: */s/ Michael J. Frevola*
> Michael J. Frevola
> Christopher R. Nolan
> F. Robert Denig
> 31 West 52nd Street
> New York, New York 10019
> Tel: (212) 513-3200
> Fax: (212) 385-9010
> michael.frevola@hklaw.com
> christopher.nolan@hklaw.com
> robert.denig@hklaw.com