S:\FILES\5357_SITEAM_EXPLORER\13JAN2014_FILINGS\5357_AMENDED_PETITION_28Jan2014
KENNEDY LILLIS SCHMIDT & ENGLISH
John T. Lillis Jr., Esq.
75 Maiden Lane – Suite 402
New York, N.Y. 10038-4816
Telephone: 212-430-0800
Telecopier: 212-430-0810
Attorneys for Petitioner
ZURICH AMERICAN INSURANCE COMPANY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, as subrogee of Vinmar International, Ltd., and VINMAR INTERNATIONAL, LTD.<br><br>Petitioners,<br><br>- v. -<br><br>TEAM TANKERS A.S., EITZEN CHEMICAL USA, *in persona*, and the M/T SITEAM EXPLORER, her engines, tackle, apparel, etc., *in rem*,<br><br>Respondents. | Case No. 1:13-cv-08404 (WHP)<br><br><u>AMENDED PETITION TO VACATE OR MODIFY ARBITRATION AWARD</u> |

Petitioners, Zurich American Insurance Company ("Zurich") and Vinmar International, Ltd. ("Vinmar"), by their attorneys, Kennedy Lillis Schmidt & English, allege upon information and belief as follows:

1.      This Honorable Court has subject-matter jurisdiction because this is an admiralty and maritime matter within the meaning of 28 U.S.C. §1333 and Rule 9(h) of the Federal Rules of Civil Procedure. Further, this Honorable Court has subject-matter jurisdiction pursuant to Section 10 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §10.

1

2. Petitioner, Zurich American Insurance Company ("ZAIC"), is a New York corporation with an office and place of business at One Liberty Plaza, 165 Broadway, 32nd Floor New York, New York 10006, and was a Claimant in the underlying arbitration.

3. Petitioner, Vinmar International, Ltd. ("Vinmar"), is a Delaware corporation with a principal place of business at 16800 Imperial Valley Dr., Suite 499, Houston, Texas 77060, and was a Claimant in the underlying arbitration.

4. Respondent, Team Tankers A.S. ("Team"), is a corporation or organization duly under and by virtue of the laws of a foreign country and is represented in this matter within this District by attorneys Holland & Knight (lead counsel, Michael J. Frevola, Esq.), which has offices at 31 West 52nd Street, 12th Floor, New York, New York 10019.

5. Respondent, Eitzen Chemical, USA ("Eitzen USA"), is a corporation or organization duly under and by virtue of the laws of one of the states of the United States and is represented in this matter within this District by attorneys Holland & Knight (lead counsel, Michael J. Frevola, Esq.), which has offices at 31 West 52nd Street, 12th Floor, New York, New York 10019.

6. Respondent, M/T SITEAM EXPLORER (the "Vessel"), is the carrying vessel set forth in the charter-party contract detailed in Paragraph 7, *infra*. At all relevant times, the Vessel was and is owned by Eitzen Chemical, Singapore ("Eitzen Singapore").

7. On 10 June 2008, Vinmar and Team entered an Asbatankvoy Charter Party, as modified by a fixture email and Vinmar's 25 April 2000 Charter Party Terms (the "Charter Party").

8. In the Charter Party, Vinmar and Team expressly agreed that the Carriage of Goods by Sea Act, 46 U.S.C. § 30701 ("COGSA"), would govern the parties' respective rights and responsibilities.

9. In the Charter Party, Vinmar and Team agreed all disputes would be resolved by arbitration in New York and that arbitration proceedings would be conducted in accordance with the rules of the Society of Maritime Arbitrators, Inc. ("SMA Rules").

10. On 24 March 2011, Petitioners initiated arbitration in accordance with the SMA Rules and appointed Louis P. Scheinbaum, Esq. to the arbitration panel ("Panel").

11. Thereafter, Respondents appointed Anthony J. Siciliano to serve on the Panel in accordance with the SMA Rules.

12. In accordance with the SMA Rules, Messrs. Scheinbaum and Siciliano appointed Donald J. Szostak to serve as third arbitrator and the Panel's Chairman ("Chairman").

13. The Panel was deemed duly constituted on 18 April 2011.

14. After arbitration proceedings, the Chairman joined Arbitrator Siciliano to issue a 26 August 2013 Final Award ("Award"), which denied Petitioners' claims and awarded Respondent costs and attorneys' fees.

15. This Honorable Court has personal jurisdiction over the Respondents by virtue of the Charter Party and the fact that each participated in arbitration proceedings conducted in the borough of Manhattan in New York, New York.

## FIRST CAUSE OF ACTION

16. Petitioners repeat and reallege the matters set forth in paragraphs 1 through 15 with like force and effect as though fully set forth at length herein.

17. In this District, courts vacate or modify arbitration awards upon a showing of manifest disregard of the law. See, e.g., *Stolt-Nielsen SA v. Animal Feeds Int'l Corp.*, 548 F.3d 85, (2d Cir.2008).

18. Specifically, arbitration award must be vacated or modified where: "(1) the law allegedly ignored was clear and explicitly applicable to the matter before the arbitrator[s]; (2) . . . the law was improperly applied and that application led to an erroneous outcome; and (3) . . . the arbitrator[s] possessed actual knowledge of the law and its applicability to the dispute." *Finkelstein v. UBS Global Asset Mgmt. (US) Inc.*, No. 11 CV 00356 (GBD), 2011 WL 3586437, *5 (S.D.N.Y. Aug. 9, 2011) (Daniels, J.) (citing *Stoltz-Nielsen SA v. Animal Feeds Int'l Corp.*, 548 F.3d 85, 93 (2dCir.2008), rev'd on other grounds, 130S.Ct. 1758(2010)); *T.Co. Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 339-40 (2d Cir. 2010) (stating same elements and holding that "manifest disregard remains a valid ground for vacating arbitration awards" (Citations omitted)).

19. Here, the Award was rendered in manifest disregard of law because (1) COGSA was clearly and explicitly applicable to the matter before the Majority; (2) the Majority improperly applied COGSA's burdens of proof and its measure of damages, which led to the Majority's erroneous conclusions (e.g. that Petitions failed to prove Team's liability and that they were not entitled to recover their damages); and (3) the Majority possessed actual

knowledge of COGSA's burdens of proof and its measure of damages because it identified, cited, and purported to apply COGSA in its analysis.

20. Therefore, Petitioners respectfully request that this Honorable Court vacate the Award or modify it to conform to COGSA.

SECOND CAUSE OF ACTION

21. Petitioners repeat and reallege the matters set forth in paragraphs 1 through 20 with like force and effect as though fully set forth at length herein.

22. The Charter Party states, "Arbitration shall be conducted in accordance with the [SMA Rules]." Charter Party, General Average Clause, 25 April 2000 Charter Party Terms, p. 9.

23. SMA Rule 9 provides:

**Disclosure by Arbitrators of Disqualifying Circumstances**

Prior to the first hearing or initial submissions, all Arbitrators are required to disclose any circumstance which could impair their ability to render an unbiased award based solely upon an objective and impartial consideration of the evidence presented to the Panel.

24. The SMA Code of Ethics provides:

¶2    Each member shall observe the highest standards of personal and professional conduct, free from impropriety or the appearance of impropriety. A member's personal behavior in the performance of his official duties should be beyond reproach.

5

¶7   In the conduct of an arbitration, each member shall exercise care to remain absolutely impartial and always abide by principles of honesty and fair dealing.

¶8   Once the proceedings start each member shall acquaint himself with all facts, arguments and discussions relative to the proceeding so that he may properly understand the dispute in arbitration.

25.   In his 3 May 2011 written disclosure, the Chairman did not disclose "any circumstance which could impair [his] ability to render an unbiased award based solely upon an objective and impartial consideration of the evidence presented to the Panel.

26.   While SMA Rule 9 provides that disclosures are required "prior to the first hearing or initial submission," it is the recognized custom and practice of the Society of Maritime Arbitrators to disclose continuously any such circumstance that arises over the course of arbitration proceedings.  That is, SMA Arbitrators recognize that they are under an ongoing obligation to disclose any such circumstance.

27.   In his 3 May 2011 written disclosure, the Chairman recognized that his duty to disclose was an ongoing obligation by stating, "I reserve the right to amend my disclosure should it become necessary in the future."

28.   Once Messrs. Scheinbaum and Siciliano thereafter made their disclosures, the Parties accepted the Panel.

29.   In 2012, the Chairman was diagnosed with an inoperable brain tumor.

30.   Brain tumors cause deficits of cognitive function.

31. Therefore, being diagnosed with such a condition constitutes a "circumstance which *could impair* [an Arbitrator's] ability to render an unbiased award based solely upon an objective and impartial consideration of the evidence presented to the Panel."

32. Therefore, under SMA Rule 9 and his self-recognized continuing obligation to disclose, the Chairman was obligated to disclose his condition to the Parties' Counsel.

33. The Chairman did not disclose his condition to the Parties' Counsel.

34. However, in April 2013, the Chairman did disclose his condition to separate counsel in a separate arbitration being conducted under the SMA Rules.

35. The Chairman resigned from his appointment on that SMA panel because of his condition.

36. After having disclosed his condition to, and resigned from, at least one other SMA panel, the Chairman joined Arbitrator Siciliano to issue the Award.

37. On 14 January 2014, the Chairman passed away from his condition.

38. This Honorable Court must vacate the Award as it was "procured by corruption, fraud, or undue means;" "where there was . . . corruption in the arbitrators;" "where the arbitrators were guilty of misconduct or misbehavior by which the rights of any party have been prejudiced," or "where the arbitrators . . . so imperfectly executed the[ir powers] that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a).

39. "Disclosure by arbitrators should be encouraged; failure to make appropriate disclosure will justify setting aside an award." *Andros Compania Maritima, S.A. v. Marc Rich Co., A.G.*, 579 F.2d 691, 699 (2nd Cir. 1978).

40. The Chairman's failure to disclose his condition as required by the SMA Rules – contractually agreed to by the Parties – constitutes a failure of the due process the Parties' agreed to afford each other under the Charter Party and a basis under 9 U.S.C. § 10(a) to vacate the Award.

41. Therefore, the Award must be vacated.

WHEREFORE, Petitioners respectfully request that this Honorable Court vacate the Award.

Dated: New York, New York
January 28, 2014

KENNEDY LILLIS SCHMIDT & ENGLISH
Attorneys for Petitioners
ZURICH AMERICAN INSURANCE COMPANY
and VINMAR INTERNATIONAL, LTD.

By: *[signature]*
John T. Lillis Jr., Esq.
75 Maiden Lane – Suite 402
New York, New York  10038-4816
Telephone: 212-430-0800